```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MAHMOODA FAROOQI,                        :
                                         :
                          Plaintiff,     :   19cv3436 (DLC)
                                         :
              -v-                        :   OPINION AND ORDER
                                         :
NEW YORK DEPARTMENT OF EDUCATION;        :
KINSLEY KWATENG, individually; CLIVE     :
PRYCE, individually; and JOHN LACROIX,   :
individually,                            :
                                         :
                          Defendants.    :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Ambrose Wotorson, Jr.
Law Office of Ambrose Wotorson
225 Broadway, Fl. 41
New York, NY 10007
(646) 242-3227

For defendants:
Shaina Claire Wood
Corporation Counsel Office of New York
100 Church Street
New York, NY 10007
(212) 356-2440

DENISE COTE, District Judge:

Plaintiff Mahmooda Farooqi commenced this action on April 17, 2019 to redress allegedly discriminatory and retaliatory employment practices by the New York City Department of Education ("DOE") and three administrators at the Benjamin

Banneker Academy for Community Development ("Benjamin Banneker") in Brooklyn, New York, where Farooqi was employed as a Chemistry teacher until the events giving rise to this litigation. The defendants have brought a Rule 12(c), Fed. R. Civ. P., motion to dismiss all but one of the claims brought in this action.

Several of Farooqi's claims were dismissed on the record at a 2019 conference. This Opinion addresses the defendants' motion to dismiss Farooqi's 42 U.S.C. §§ 1981 and 1983 claims for alienage and race discrimination. For the reasons stated below, the defendants' motion to dismiss these claims is granted as well.

## Background

The following facts are taken from the complaint and documents integral to the complaint. Farooqi was born in India and identifies as East Asian Indian. She has been employed by DOE since 2001, and worked as a Chemistry teacher at Benjamin Banneker from 2006 until 2018.

On July 5, 2018, DOE preferred eight charges against Farooqi. Five specifications charged that, over a several week period in February 2018, Farooqi engaged in incidents of corporal punishment or made unnecessary physical contact with at least five students in her class. One specification charged Farooqi with failure to supervise. The remaining specifications charged Farooqi with interfering with her students' ability to

2

participate and with their mental, emotional, and physical well-being.  DOE sought her termination from employment.

Pursuant to Section 3020-a of the New York Education Law, a hearing in connection with these charges occurred over the course of twelve days between November 2018 and February 2019.  See N.Y. Educ. Law § 3020-a.  The Opinion and Award that issued on March 19, 2019 (the "Section 3020-a Opinion") explained that both parties were represented by counsel in the hearing and had an opportunity to offer evidence, cross-examine witnesses, and make arguments in support of their respective positions.

The hearing arbitrator sustained one of the five charges of corporal punishment, as well as a charge of classroom abandonment.  The arbitrator declined to terminate Farooqi's employment but imposed a $6,000 fine and required that she receive certain training, at the DOE's expense.  Since the Section 3020-a hearing, Farooqi has been reassigned from Benjamin Banneker and is performing clerical work.

Farooqi brought this action on April 17, 2019.  On April 25, Farooqi filed an amended complaint, which alleged claims of age discrimination, malicious abuse of process, and stigma plus discrimination in violation of 42 U.S.C. § 1983; alienage and race discrimination in violation of 42 U.S.C. §§ 1981 and 1983; and retaliation under the Family Medical Leave Act ("FMLA").

3

On October 15, 2019, the defendants moved to dismiss all of the claims except for the FMLA retaliation claim. The motion principally asserts that the claims are barred because the arbitrator ruled that Farooqi had engaged in some of the misconduct with which she was charged. The motion was fully submitted on November 15.

For the reasons explained on the record at a November 22 conference, the Court granted judgment to the defendants on Farooqi's § 1983 claims for age discrimination, malicious abuse of process, and stigma plus discrimination. It reserved judgment, however, on the plaintiff's §§ 1981 and 1983 claims for alienage and race discrimination pending an anticipated decision by the United States Supreme Court on the causation standard for § 1981 claims. These two discrimination claims are the subject of this Opinion.

**Discussion**

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). In deciding a motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., courts "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint

4

as true and drawing all reasonable inferences in favor of the nonmoving party." Mantena v. Johnson, 809 F.3d 721, 727–28 (2d Cir. 2015) (citation omitted). "On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted). "A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated by reference, and documents that, although not incorporated by reference, are integral to the complaint." Id. (citation omitted); see also Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016).

To succeed on a claim brought under 42 U.S.C. §§ 1981 or 1983, a plaintiff must establish that the defendant's discriminatory intent was a "but-for" cause of the adverse employment action. Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, No. 18-1171, slip. op. at 13, -- S. Ct. -- (U.S. Mar. 23, 2020) (§ 1981); Naumovski v. Norris, 934 F.3d 200, 214 (2d Cir. 2019) (§ 1983). As recently clarified by the Supreme Court in the context of § 1981, and the Second Circuit in the context of § 1983, the "motivating factor" standard from Title VII does not apply. Comcast, No. 18-1171, slip. op. at 8-12; Naumovksi, 934 F.3d at 212-14.

Farooqi asserts that the defendants violated Sections 1981 and 1983 when they brought and pursued disciplinary proceedings against her that were "motivated, in part," by her alienage and race. That pleading does not state a cause of action. Moreover, because of the preclusive effect given to the arbitrator's findings, Farooqi would be unable to plead that alienage or race discrimination were a but-for cause of the disciplinary proceedings.

The hearing arbitrator sustained certain charges against Farooqi and imposed sanctions on account of her misconduct. Those determinations have preclusive effect in federal court.[1] Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 310 (2d Cir. 2005). As a result, Farooqi cannot establish that the disciplinary action against her would not have occurred but for her race or alienage.

Farooqi's sole argument in support of her alienage and race discrimination claims is that the standard applied to a § 1981 claim requires only that a plaintiff establish that the alleged discriminatory conduct was motivated in part by racial animus.

---

[1] For factual findings made at the Section 3020-a hearing to be given preclusive effect, the plaintiff must have had an "adequate, full, and fair opportunity to litigate." Burkybile, 411 F.3d at 312. Farooqi does not argue that she did not have a full and fair opportunity to litigate the DOE charges.

6

The Supreme Court's decision in Comcast makes clear that Farooqi is wrong.

## Conclusion

The defendants are granted judgment on Farooqi's alienage and race discrimination claims brought under 42 U.S.C. §§ 1981 and 1983. The only claim that remains is for FMLA retaliation. A concurrently filed Order sets forth the schedule for the litigation of that claim.

Dated: New York, New York
April 9, 2020

_____
DENISE COTE
United States District Judge